IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-02971

NEIL ANDERSON,
KERRY DOYLE,
CAIDEN WILLIAMS, and
NEIL ANDERSON and KERRY DOYLE ON BEHALF OF THE MINOR CHILD, PORTER
WILLIAMS,
and
NEIL ANDERSON and KERRY DOYLE ON BEHALF OF THE MINOR CHILD, SYLAS
WILLIAMS,

                    Plaintiffs

v.

COLORADO STATE PATROL,
CAPTAIN AIDAN P. DRISCOLL, in his official and individual capacity,
CORPOREAL LANCE SANCHEZ, in his official and individual capacity,
TROOPER GABLIN WATKINS, in his official individual capacity,
TROOPER RANDY TALBOT, in his official individual capacity,
TROOPER JOSIAH FULLER, in his official individual capacity,

                    Defendants

_____

**COMPLAINT
AND JURY DEMAND**

_____

Plaintiffs, by and through their attorney, Kristina M. Bergsten, hereby file this Complaint and

Jury Demand against the above named Defendants.

## I. INTRODUCTION

1. Plaintiffs bring this Civil Rights Action pursuant to 42 U.S.C. §§ 1983 and 1988 for relief

   through compensatory, exemplary and punitive damages, and attorney's fees stemming from

   Defendants' violations of Plaintiffs' rights guaranteed by the Fourth and Fourteenth

   Amendments to the United States Constitution.

2. Defendants' conduct was under color of state law and such conduct, jointly and severally, directly and proximately caused the deprivation of Plaintiffs' federally and state protected rights; Plaintiffs seek relief through compensatory, exemplary, and punitive damages, and attorney's fees.

3. This is also an action under Colorado law alleging negligence, negligent infliction of emotional distress, and conversion.

4. This action arises under the Constitution and laws of the United State including Article III, Section 1 of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

## II. JURISDICTION

5. Jurisdiction is proper in the District of Colorado pursuant to 42 U.S.C. §§ 1983 and 1988 and under the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. § 1331 and 1343.

7. Jurisdiction for attorney's fees and costs is found at 42 U.S.C. § 1988.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391.

9. This is a civil rights action for damages and attorney's fees arising under 42 U.S.C. §§ 1983 and 1988, stemming from Defendants' violation of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

### III. PARTIES

10. At all times material hereto, Plaintiff Neil Anderson was an individual and a resident of Colorado, who resides at 971 Rancho Durango Road, Durango, CO 81303.

11. At all times material hereto, Plaintiff Kerry Doyle was an individual and a resident of Colorado, who resides at 971 Rancho Durango Road, Durango, CO 81303.

12. At all times material hereto, Plaintiff Caidan Williams was an individual and a resident of Colorado, who resides at 971 Rancho Durango Road, Durango, CO 81303.

13. At all times material hereto, Plaintiff Porter Williams, a minor, was an individual and a resident of Colorado, who resides at 971 Rancho Durango Road, Durango, CO 81303.

14. At all times material hereto, Plaintiff Sylas Williams, a minor, was an individual and a resident of Colorado, who resides at 971 Rancho Durango Road, Durango, CO 81303.

15. At all times material hereto, Defendant Colorado State Patrol ("CSP"), located at 20591 Highway 160, Durango, CO 81301, is a government entity incorporated under the laws of the State of Colorado for purposes of liability under 42 U.S.C. §§ 1983, 1986, and 1988.

16. At all times material hereto, Defendant, Captain Aidan Driscol ("Driscol"), was duly appointed and sworn as Captain of Defendant CSP and is the lead supervisory agent of Defendants Sanchez, Talbot, Fuller, and Watkins with a principal address of 20591 Highway 160, Durango, CO 81301.

17. At all times material hereto, Defendant, Corporal L.J. Sanchez ("Sanchez"), was duly appointed and sworn as a Corporal and is a supervisory agent of Defendants Sanchez, Talbot, Fuller, and Watkins with a principal address of 20591 Highway 160, Durango, CO 81301.

18. At all times material hereto, Defendant, Trooper Gablin Watkins ("Watkins"), was duly appointed and sworn as a Trooper with the Colorado State Patrol with a principal address of 20591 Highway 160, Durango, CO 81301.

19. At all times material hereto, Defendant, Trooper Randy Talbot ("Talbot"), was duly appointed and sworn as a Trooper with the Colorado State Patrol with a principal address of 20591 Highway 160, Durango, CO 81301.

20. At all times material hereto, Defendant, Trooper Josiah Fuller ("Fuller"), was duly appointed and sworn as a Trooper with the Colorado State Patrol with a principal address of 20591 Highway 160, Durango, CO 81301.

## IV. GENERAL ALLEGATIONS

21. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein the allegations contained above.

22. Plaintiffs are owners of "Dozer," a 6 year old, American Staffordshire Terrier male canine (hereafter, "Dozer" or "the Dog").

23. Dozer was shot and wounded by Defendants on or about October 12, 2017 at Plaintiffs' home, located at 971 Rancho Durango Road, Durango, Colorado 81303.

24. Defendants unlawfully entered Plaintiffs' property on October 12, 2017 to investigate an alleged car accident allegedly involving the minor Plaintiff, Porter Williams.

25. Defendants' entry onto Plaintiffs' property was unlawful because Plaintiff-Porter Williams' registration information returned an address of 719 Rancho Durango Road, which was Plaintiff-Porter Williams's father's address, which was the property adjacent to Plaintiffs' address.

26. 971 Rancho Durango Road and 719 Rancho Durango Road share a driveway that forks to the left and right to access each respective property; the shared portion of the driveway is blocked with a gate that requires a code to open it.

27. Defendants attempted to contact the resident(s) at 719 Rancho Durango Road on October 11, 2017, but decided to return to the tow yard because Defendants Watkins and Fuller believed they saw a piece of paper in the Jeep that contained the code to the gate.

28. At no time did Defendants place an administrative or police "hold" on the Jeep at the tow yard in order to make contact with the driver of the involved Jeep.

29. On October 12, 2017, Defendants returned to 719 Rancho Durango Road and met with Plaintiff-Porter Williams's father (hereafter, "Porter's Father").

30. Porter's Father advised Defendants, at least twice, to call Plaintiffs Neil Anderson and Kerry Doyle so they could put Dozer away; Defendant Watkins forbade Porter's Father from calling because he did not want Plaintiff Porter Williams to "run" or "hide", even though there was no basis for such a claim.

31. Defendants walked up Plaintiffs' driveway with Porter's Father.

32. Defendants walked passed a lower locked gate marked "no trespassing" and a second locked gate marked "beware of dog."

33. Defendants failed and refused to announce themselves as police officers upon arrival and failed and refused to contact the minor Plaintiff or the minor Plaintiff's parents prior to arrival.

34. At the time of Defendants' arrival, Plaintiffs were outside on and near a skate ramp which parallels Plaintiffs' driveway.

35. Plaintiffs' house faces South/Southwest and their driveway runs West to East from Rancho Durango Road.

36. Dozer saw Defendants and trotted towards them.

37. As Dozer approached Defendants, Defendant-Watkins panicked and walked backwards, around Defendants Fuller and Talbot, while reaching for his firearm.

38. Plaintiff Neil Anderson yelled, "No, that's my-! Hey, hey, hey! No, no, no! No, Don't!" before Defendant Watkins shot at Dozer three (3) times, making contact twice.

39. Defendant Fuller moved laterally to Defendant Watkins' right and attempted to draw his firearm.

40. Defendant Talbot reached for his gun but decided to pull his taser instead; he repeatedly yelled "Taser!" to Defendant Watkins.

41. Defendant Talbot was unable to tase Dozer because Defendant Watkins was acting in a reckless and careless manner by spinning around and circling the driveway behind Defendants Talbot and Fuller.

42. At no time did Dozer act in an aggressive manner.

43. Defendant Watkins was a mere 50 feet away from Plaintiffs, who were all on or near the skate ramp that parallels Plaintiffs' driveway.

44. Defendant Watkins fired his weapon at Dozer approximately 50 feet from Plaintiffs' skate ramp, which is North of Plaintiffs' driveway.

45. Dozer let out a high pitched cry or yelp and ran away to hide under the skate ramp.

46. Plaintiff Kerry Doyle applied pressure to Dozer's wounds as blood spurted out and he bled from his mouth.

47. Defendant Watkins did not act reasonably in using deadly force on Dozer who was not acting in an aggressive manner.

48. Defendant Watkins did not act reasonably in firing his weapon while walking backwards around Defendants Talbot and Fuller, and firing in the direction of Plaintiffs on the skate ramp.

49. Defendants Talbot and Fuller did not act reasonably in allowing Defendant Watkins to use deadly force on Dozer who was not acting in an aggressive manner.

50. Defendants Talbot and Fuller did not act reasonably in allowing Defendant Watkins to use deadly force on a non-aggressive dog when other, non-lethal measures were available.

51. Defendants Talbot and Fuller did not act reasonably in allowing Defendant Watkins to use deadly force in close proximity to Plaintiffs on the skate ramp.

52. Defendant Driscoll did not act reasonably when he approved Defendant Watkins' use of deadly force on a non-aggressive dog when other, non-lethal measures were available.

53. Defendant Driscoll did not act reasonably when he approved Defendant Watkins' use of deadly force in close proximity to Plaintiffs on the skate ramp.

54. Defendant Sanchez did not act reasonably when he approved Defendant Watkins' use of deadly force on a non-aggressive dog when other, non-lethal measures were available.

55. Defendant Sanchez did not act reasonably when he approved Defendant Watkins' use of deadly force in close proximity to Plaintiffs on the skate ramp.

56. Dozer survived his wounds and underwent extensive veterinary surgery and follow-up care before Plaintiffs were forced to end his suffering and euthanize him on November 2, 2017.

57. Plaintiffs are deeply disturbed by the willfully wanton and reckless conduct of Defendants that directly caused the loss of their beloved family pet, Dozer.

58. Plaintiffs will be irreparably harmed if judgment is not entered for Plaintiffs and against Defendants because Dozer was a unique living creature with intrinsic value.

## V. FIRST CLAIM FOR RELIEF
### (Violation of the Fourteenth Amendment to the United States Constitution)

59. Plaintiffs hereby allege and incorporate by reference as though fully set forth herein the

allegations contained above.

60. The Fourteenth Amendment to the United States Constitution states, in relevant part: "[n]o

State shall… deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws." 14th Amendment,

U.S. Const.

61. Section 1983 of The Civil Rights Act states, in relevant part: "Every person who, under color

of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress."

62. Plaintiffs owned certain personal property, to wit: Dozer, a dog.

63. Defendants violated Plaintiffs' Fourteenth Amendment rights when they unlawfully and

without Due Process deprived Plaintiffs of their personal property by shooting Dozer, and

approving the use of deadly force against him.

64. Defendants unlawfully denied Plaintiffs Equal Protection of the laws by failing to provide

Due Process before seizing and destroying their property through their willfully wanton and

reckless actions.

65. As a direct and proximate cause of Defendants' violation of Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution, Plaintiffs have sustained injuries and damages, including attorney's fees.

## VI. SECOND CLAIM FOR RELIEF
### (Violation of the Fourth Amendment to the United States Constitution)

66. Plaintiffs hereby allege and incorporate by reference as though fully set forth herein the allegations contained above.

67. The Fourth Amendment to the United States Constitution protects, in relevant part: "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." 4th Amendment, U.S. Const.

68. Section 1983 of The Civil Rights Act states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

69. Plaintiffs owned certain personal property, to wit: Dozer, a dog.

70. Defendants unlawfully and unreasonably seized Plaintiffs' personal property, to wit: Dozer, a dog, when they shot Dozer, and approved of the use of deadly force against him, and he subsequently had to be euthanized as a result of his wounds.

71. Defendants unlawfully and unreasonably seized Plaintiffs' property by shooting their dog, Dozer, without a warrant and without exigent circumstances.

72. As a direct and proximate cause of Defendants' violation of the Fourth Amendment of the United States Constitution, Plaintiffs have sustained injuries and damages, including attorney's fees.

## VII. THIRD CLAIM FOR RELIEF
### (Negligence)

73. Plaintiffs hereby allege and incorporate by reference as though fully set forth herein the allegations contained above.

74. Defendants engaged in negligent conduct, to wit: shooting Dozer and his eventual death; failing to prevent the shooting of Dozer and his eventual death; and the approval of the use of deadly force on Dozer and his eventual death.

75. Defendants acted in a negligent manner in causing Plaintiffs' damages, injuries, and losses.

76. As a direct and proximate cause of Defendants' negligent acts, Plaintiffs have sustained injuries and damages, including attorney's fees.

## VIII. FOURTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

77. Plaintiffs hereby allege and incorporate by reference as though fully set forth herein the allegations contained above.

78. Defendants acted in a negligent manner so as to create an unreasonable risk of physical harm and, by doing so, caused Plaintiffs to be in fear for their own safety, and this fear had physical consequences and/or resulted in long-continued emotional disturbance.

79. Defendants acted with extreme and outrageous conduct and intentionally or recklessly caused severe emotional distress to Plaintiffs.

80. Plaintiffs were in the "zone of danger" of Defendants' negligent conduct.

81. Defendants acted recklessly or with the intent of causing Plaintiffs severe emotional distress.

82. As a direct and proximate cause of Defendants' conduct, Defendants caused the Plaintiffs severe emotional distress.

83. As a direct and proximate cause of Defendants' negligent and reckless acts, Plaintiffs have sustained injuries and damages, including attorney's fees.

## IX. FIFTH CLAIM FOR RELIEF
### (Conversion)

84. Plaintiffs hereby allege and incorporate by reference as though fully set forth herein the allegations contained above.

85. Plaintiffs owned certain personal property, to wit: Dozer, a dog.

86. Defendants committed a distinct and unauthorized act of dominion or ownership over Dozer, a dog.

87. Plaintiffs' property, Dozer, has been permanently damaged and destroyed such that Plaintiffs are forever physically deprived of the use of their property.

88. Defendants actions in damaging and destroying Plaintiffs' property was done in such a manner that it constitutes wanton disregard for Plaintiffs' rights.

89. As a direct and proximate cause of Defendants' actions, Plaintiffs have sustained injuries and damages, including attorney's fees.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request this Court to enter Judgment in favor of Plaintiffs and to Order Defendants to grant them compensatory, exemplary, and punitive damages in an amount to be determined at Trial, plus interest, costs, and attorney's fees.

Respectfully submitted this 8th day of December, 2017.

> *s/Kristina M. Bergsten*
> Kristina M. Bergsten, ID # 50663
> BERGSTEN LAW OFFICES
> 700 17th Street, Suite 1300
> Denver, CO 80202
> Telephone: 303-623-4000
> Email: Kristina.bergsten@bergstenlaw.com
> Attorney for Plaintiffs,
> Neil Anderson
> Kerry Doyle
> Caidan Williams
> Porter Williams, a minor
> Sylas Williams, a minor

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2017, I mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

COLORADO STATE PATROL,
CAPTAIN AIDAN P. DRISCOLL,
CORPOREAL LANCE SANCHEZ,
TROOPER GABLIN WATKINS,
TROOPER RANDY TALBOT, and
TROOPER JOSIAH FULLER.


*s/Kristina Bergsten*
Kristina M. Bergsten, ID # 50663
BERGSTEN LAW OFFICES
700 17th Street, Suite 1300
Denver, CO 80202
Telephone: 303-623-4000
Email: Kristina.bergsten@bergstenlaw.com
Attorney for Plaintiffs,
Neil Anderson
Kerry Doyle
Caidan Williams
Porter Williams, a minor
Sylas Williams, a minor